IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIBU MEDIA, LLC,

      Plaintiff,                                 No. 2:12-cv-1514-LKK-EFB

      vs.

JOHN DOES 1 through 7,                  <u>ORDER</u>

      Defendants.

      Presently before the court is plaintiff's ex parte application for leave to serve third party subpoenas prior to the Rule 26 conference. Dckt. No. 4. For the reasons stated herein, the request will be granted in part and denied in part.

I.     <u>BACKGROUND</u>

      Plaintiff, a producer of adult entertainment content, has filed this action against defendants John Does 1 through 7, alleging claims for copyright infringement and contributory infringement. *See generally* Compl., Dckt. No. 1. Plaintiff's complaint alleges that 30 of its copyrighted adult entertainment movies (the "Works") "were on a website that was converted into [] a single torrent file" and that "[e]ach of the Defendants copied and distributed, through the BitTorrent protocol, the exact same torrent file . . . which contained Plaintiff's 30 registered works." *Id*. ¶¶ 14-15. Plaintiff alleges that its computer investigators identified each of the

1

defendants' Internet Protocol ("IP") addresses as participants in a swarm that was distributing plaintiff's copyrighted works. *Id*. ¶¶ 38-44.

Plaintiff alleges that "[e]ach Defendant is known to Plaintiff only by an IP address," which "is a number that is assigned by an Internet Service Provider (an "ISP") to devices, such as computers, that are connected to the Internet." *Id*. ¶¶ 8-9. Plaintiff alleges that "[t]he ISP to which each Defendant subscribes can correlate the Defendant's IP address to the Defendant's true identity." *Id*. ¶ 10. Plaintiff contends that the defendants were properly joined under Federal Rule of Civil Procedure 20(a)(2) because "(a) each of the Defendants is jointly and severally liable for the infringing activities of each of the other Defendants, and (b) the infringement complained of herein by each of the Defendants was part of a series of transactions, involving the exact same torrent file containing [] Plaintiff's copyrighted Works, and was accomplished by the Defendants acting in concert with each other, and (c) there are common questions of law and fact; indeed, the claims against each of the Defendants are identical and each of the Defendants used the BitTorrent protocol to infringe Plaintiff's copyrighted Works." *Id*. ¶ 11.

II. DISCUSSION

Plaintiff has now filed an ex parte application seeking leave to take expedited discovery prior to the Rule 26 conference in order to obtain the identities of John Does 1 through 7. Dckt. No. 4; *see also* Fieser Decl., Dckt. No. 4-1. Specifically, plaintiff seeks to issue subpoenas to the various ISPs used by John Does 1 through 7 (each of whom is identified by a unique IP address, which corresponds to the date and time of allegedly infringing activity). Dckt. No. 4 at 2. Plaintiff contends that without information identifying the defendants, plaintiff cannot serve those defendants or otherwise pursue this lawsuit. *Id.*

Plaintiff contends that good cause supports its application for expedited discovery because (1) plaintiff has made a prima facie showing of infringement; (2) there is no other way to identify the Doe defendants, (3) there is a risk that the ISPs will destroy their logs prior to the

Rule 26(f) conference, (4) plaintiff has specified the discovery requested, (5) plaintiff has demonstrated a central need for the subpoenaed information to advance the asserted claims, and (6) plaintiff has established that the Doe defendants' expectations of privacy do not outweigh the need for the requested discovery. *Id.* at 3, 4-7 (citing *UMG Recording, Inc. v. Doe*, 2008 WL 4104214, at *4 (N.D. Cal. 2008) and *Sony Music Entertainment v. Does 1-40*, 326 F. Supp. 556, 564-565 (S.D.N.Y. 2004)).

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Here, because plaintiff does not know the identity of the Doe defendants, the parties have not yet met and conferred under Rule 26(f). Therefore, plaintiff requests that the court authorize expedited discovery.

Courts in the Ninth Circuit apply a "good cause" test in deciding whether to permit expedited discovery before the Rule 26(f) conference.[1] *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002); *see also Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009); *In re Countrywide Financial Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008); *Matson & Isom Technology Consulting v. Dell Inc.*, 2008 WL 3863447 (E.D. Cal. Aug. 19, 2008); *Qwest Commc'ns Int'l, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) (The "party seeking expedited discovery in advance of [the] Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures."). "Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *In re*

---

[1] "Courts are split as to whether a party seeking expedited discovery must satisfy a 'good cause' or 'reasonableness' standard or the more stringent standard set forth in *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982), which largely tracks the standard required for obtaining a preliminary injunction." *See Special Situations Cayman Fund, L.P. v. Dot Com Entm't Grp., Inc.*, 2003 WL 23350128, at *1 n.7 (W.D.N.Y. Dec. 5, 2003) (detailing the split). However, courts in the Ninth Circuit have traditionally applied the "good cause" standard.

3

*Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d at 1179 (quoting *Semitool, Inc.*, 208 F.R.D. at 276). The court must make this evaluation in light of "the entirety of the record . . . and [examine] the reasonableness of the request in light of all the surrounding circumstances." *Semitool, Inc.*, 208 F.R.D. at 275 (citation & quotation marks omitted) (emphasis removed); *Am. Legalnet, Inc.*, 673 F. Supp.2d at 1067.

Good cause for expedited discovery is frequently found in cases involving claims of infringement and unfair competition or in cases where the plaintiff seeks a preliminary injunction. *Semitool, Inc.*, 208 F.R.D. at 276; *Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002). Recently, several courts have found good cause to allow expedited discovery to ascertain the identities of Doe defendants in copyright infringement actions. *See, e.g., Arista Records LLC v. Does 1-43*, 2007 WL 4538697, at *1 (S.D. Cal. Dec. 20, 2007); *SBO Pictures, Inc. v. Does 1-3036*, 2011 WL 6002620 (N.D. Cal. Nov. 30, 2011) (authorizing expedited discovery as to one of the Doe defendants and dismissing the remaining Doe defendants); *Hard Drive Prods., Inc. v. Does 1-130*, 2011 WL 5573960 (N.D. Cal. Nov. 16, 2011) (same); *AF Holdings LLC v. Does 1-97*, 2011 WL 2912909 (N.D. Cal. July 20, 2011) (same); *Pac. Century Int'l Ltd. v. Does 1-101*, 2011 WL 2690142 (N.D. Cal. July 8, 2011) (same); *AF Holdings LLC v. Does 1-96*, 2011 WL 5864174 (N.D. Cal. Nov. 22, 2011) (authorizing expedited discovery as to the 96 Doe defendants).

For example, in *Arista Records LLC*, the plaintiffs alleged that unidentified defendants had used an online media distribution system to download and distribute plaintiffs' copyrighted works to the public without permission. *Arista Records LLC*, 2007 WL 4538697, at *1. Because the plaintiffs were only able to identify each defendant by a unique internet protocol address assigned to that defendant, plaintiffs filed an ex parte application seeking leave to serve immediate discovery on a third-party ISP to identify the Doe defendants' true identities. *Id*. The court found good cause to allow expedited discovery based on the plaintiffs' prima facie showing of infringement, the risk that the ISP would not long preserve the information sought,

the narrow tailoring of the requests to the minimum amount of information needed to identify the defendants without prejudicing their rights, and the fact that the expedited discovery would substantially contribute to moving the case forward. *Id*. The court further noted that, without such discovery, plaintiffs could not identify the Doe defendants and would not be able to pursue their lawsuit to protect their copyrighted works from infringement. *Id.*

Other courts have specifically noted that "[i]n this particular context, the court must balance 'the need to provide injured parties with an [sic] forum in which they may seek redress for grievances' against 'the legitimate and valuable right to participate in online forums anonymously or pseudonymously . . . without fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discover their identity.'" *Hard Drive Prods., Inc*., 2011 WL 5573960, at *1 (quoting *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999)); *see also Hard Drive Prods., Inc. v. Does 1-90*, 2012 WL 1094653, at *7 (N.D. Cal. Mar. 30, 2012) (stating that "the court will not assist a plaintiff who seems to have no desire to actually litigate but instead seems to be using the courts to pursue an extrajudicial business plan against possible infringers (and innocent others caught up in the ISP net)").[2]

---

[2] Nothing in the record presently supports that plaintiff is using the court to "pursue an extrajudicial business plan," but the court notes some growing concern among district courts about these sorts of expedited discovery matters. For example, a judge in the Central District of California recently granted plaintiff's motion for expedited discovery and permitted expedited discovery as to one Doe defendant, but severed the remaining nine defendants from the case and concluded his order with the following:

**C. The economics of pornographic copyright lawsuits**

The Court is familiar with lawsuits like this one. [Citations omitted.] These lawsuits run a common theme: plaintiff owns a copyright to a pornographic movie; plaintiff sues numerous John Does in a single action for using BitTorrent to pirate the movie; plaintiff subpoenas the ISPs to obtain the identities of these Does; if successful, plaintiff will send out demand letters to the Does; because of embarrassment, many Does will send back a nuisance-value check to the plaintiff. The cost to the plaintiff: a single filing fee, a bit of discovery, and stamps. The rewards: potentially hundreds of thousands of dollars. Rarely do these cases reach the merits.

5

Here, plaintiff has demonstrated good cause for some of the expedited discovery requested, but not all of it. Specifically, plaintiff has shown good cause to conduct expedited discovery regarding the identity of one of the Doe defendants, John Doe 1, but has not shown good cause to conduct expedited discovery regarding the other Doe defendants. Since plaintiff does not know the identity of any of the Doe defendants, plaintiff cannot proceed with this lawsuit, and therefore cannot conduct a Rule 26(f) discovery conference, without obtaining at least one Doe defendant's identity. *UMG Recordings, Inc. v. Does 1-4*, 2006 WL 1343597, at *1 (N.D. Cal. Apr. 19, 2006). Additionally, plaintiff's representations presently support that the IP address identified by plaintiff for John Doe 1—67.181.92.246—is associated with a particular individual, and that the discovery sought will facilitate identification of, and service of the summons and complaint on, that Doe defendant. Further, plaintiff's investigative technician has declared, albeit rather speculatively and without explanation, that some ISPs store subscriber information associated with particular IP addresses for a limited period of time.[3] Finally, the undersigned also finds, at least on the present record, that there is little risk of material prejudice

> The federal courts are not cogs in a plaintiff's copyright-enforcement business model. The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial. By requiring Malibu to file separate lawsuits for each of the Doe Defendants, Malibu will have to expend additional resources to obtain a nuisance-value settlement—making this type of litigation less profitable. If Malibu desires to vindicate its copyright rights, it must do it the old-fashioned way and earn it.

*Malibu Media, LLC v. John Does 1 through 10*, 2012 U.S. Dist. LEXIS 89286, at *8-9 (C.D. Cal. June 27, 2012); *see also Malibu Media, LLC v. Does 1-5*, 2012 WL 2001968, at *1 (S.D.N.Y. June 1, 2012) (permitting limited discovery but stating that the court "shares the growing concern about unscrupulous tactics used by certain plaintiffs, particularly in the adult films industry, to shake down the owners of specific IP addresses from which copyrighted adult films were allegedly downloaded.") (citing, among other authorities, *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765 (E.D.N.Y. May 1, 2012)).

[3] The declaration of plaintiff's investigator, Tobias Fieser, states: "Many ISPs only retain the information sufficient to correlate an IP address to a person at a given time for a very limited amount of time." Fieser Decl. ¶ 10. Fieser's statement is unexplained, unsupported by any documentation, and so general as to be of little to no value.

to John Doe 1 or the associated ISP, Comcast Cable Communications, if that ISP is served with a Rule 45 subpoena that requires the ISP to provide the actual name and contact information of John Doe 1, especially since John Doe 1 and/or the ISP may move to quash the subpoena or seek a protective order. Accordingly, plaintiff's request to subpoena Charter Communications (the ISP listed for John Doe 1 in Exhibit A to plaintiff's complaint and in plaintiff's proposed order on the application for expedited discovery) to obtain limited information needed to identify the user of IP address 24.182.55.21 will be granted.

However, because plaintiff will be able to proceed with this action and with traditional discovery once it obtains information identifying John Doe 1, plaintiff has not shown that the need to discover the identities of all of the other doe defendants at this early stage outweighs the prejudice to the responding ISPs and/or to those potentially innocent Doe defendants, or that the request to subpoena all of those individuals' ISPs is reasonable or supported by good cause, in light of all the surrounding circumstances.

Here, plaintiff will be given authority to issue a subpoena to John Doe 1's ISP. Once that ISP responds to the subpoena, plaintiff will presumably be able to identify John Doe 1, serve process, and proceed with this action (including regularly scheduled discovery). Therefore, because plaintiff does not need expedited discovery regarding the other Doe defendants in order to proceed with this case, that "need" does not outweigh the prejudice to the ISPs, which would necessarily incur some burden (albeit minimal) in responding to the subpoenas. Additionally, although there is some risk that the ISPs used by the other Doe defendants could destroy information regarding the identities of those Doe defendants, plaintiff has not demonstrated that the risk of such destruction before a Rule 26(f) conference could occur is significant.

Further, although plaintiff argues that the need for the requested discovery outweighs the other Doe defendants' expectations of privacy, the court disagrees, especially given the potential innocence of those Doe defendants. As many courts have noted, "the ISP subscriber to whom a certain IP address was assigned may not be the same person who used the Internet connection for

illicit purposes." *SBO Pictures, Inc.*, 2011 WL 6002620, at *3; *Pac. Century Int'l Ltd.*, 2011 WL 5117424, at *2; *IO Group, Inc. v. Does 1–19*, 2011 WL 772909, at *1 (N.D. Cal. Mar. 1, 2011). "For example, '[ISP] subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiff's works.'" *SBO Pictures, Inc.*, 2011 WL 6002620, at *3 (quoting *Third Degree Films v. Does 1–3577*, 2011 WL 5374569 (N.D. Cal. Nov. 4, 2011)). Because plaintiff seeks information about the "ISP subscribers who were assigned certain IP addresses, instead of the actual Internet users who allegedly engaged in infringing activity, 'Plaintiff's sought-after discovery has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that weighs against allowing the discovery as designed.'" *Id.* (quoting *Hard Drive Prods.,* 2011 WL 5573960, at *2). Additionally, as numerous other courts have noted, if the undersigned were to grant plaintiff's request for expedited discovery regarding all of the Doe defendants, "[p]laintiff would likely send settlement demands to the individuals whom the ISP identified as the IP subscriber. 'That individual—whether guilty of copyright infringement or not– would then have to decide whether to pay money to retain legal assistance to fight the claim that he or she illegally downloaded sexually explicit materials, or pay the money demanded. This creates great potential for a coercive and unjust 'settlement.'"[4] *SBO Pictures, Inc.*, 2011 WL 6002620, at *3 (quoting *Hard Drive Prods.,* 2011 WL 5573960, at *3).

---

[4] Also, by limiting expedited discovery to John Doe 1, the court avoids prematurely ruling on the question of improper joinder, which appears endemic to BitTorrent file sharing cases such as this one. *See, e.g., OpenMind Solutions, Inc. v. Does 1-39*, 2011 WL 3740714, at *4-5 (N.D. Cal. Aug. 23, 2011) (granting early discovery as to one Doe defendant but dismissing all but one of the 39 Doe defendants from the action without prejudice for improper joinder); *Diabolic Video Prods., Inc.*, 2011 WL 3100404, at *3-5 (N.D. Cal. May 31, 2011) (granting early discovery as to one Doe defendant but severing all but one of the 2,099 Doe defendants from the action for improper joinder); *see also On The Cheap, LLC v. Does 1-5011*, 280 F.R.D. 500, 503 (N.D. Cal. Sept. 6, 2011) (dismissing 5,010 defendants without prejudice for improper joinder after expedited discovery was permitted and conducted). The undersigned notes that an ultimate determination regarding the propriety of joinder is beyond the limited jurisdiction of the magistrate judges of this court. *See* E.D. Cal. L.R. 302(c).

1  Therefore, the court finds that plaintiff's request for expedited discovery regarding the
2  identities of John Does 2 through 7 is not supported by good cause. Accordingly, plaintiff's
3  request to conduct that expedited discovery will be denied without prejudice.

4  III.   CONCLUSION

5  Accordingly, IT IS HEREBY ORDERED that:

6  1. Plaintiff's ex parte application for leave to take expedited discovery, Dckt. No. 4, is
7  granted in part and denied in part.

8  2. Plaintiff may immediately serve a Rule 45 subpoena on Comcast Cable
9  Communications (the ISP listed for the first John Doe in Exhibit A to plaintiff's complaint and in
10 plaintiff's proposed order on the application for expedited discovery) to obtain the following
11 information about John Doe (based on the IP address listed for him/her – 67.181.92.246): name,
12 address, telephone number, and email address.[5] A copy of this order shall be attached to the
13 subpoena.

14 3. The ISP will have thirty (30) days from the date a copy of this Order and a copy of the
15 subpoena are served upon it to serve John Doe 1 with a copy of the subpoena and a copy of this
16 order. The ISP may serve John Doe 1 using any reasonable means, including written notice sent
17 to John Doe's last known address, transmitted either by first-class mail or via overnight service.
18 The ISP and John Doe 1 each shall have 30 days from the date of service to file any motions in
19 this court contesting the subpoena (including a motion to quash or modify the subpoena). If that
20 30-day period lapses without John Doe 1 or the ISP contesting the subpoena, the ISP shall have
21 14 days to produce to plaintiff the information responsive to the subpoena with respect to John
22 Doe 1.

23 ////

---

[5] Plaintiff has not made an adequate showing as to why it needs to discover the Media Access Control number associated with John Doe 1 on an expedited basis. Plaintiff should be able to serve the summons and complaint on John Doe 1 without acquiring the Media Access Control number.

9

4. The ISP shall confer with plaintiff before assessing any charge in advance of providing the information requested in the subpoena. If the ISP elects to charge for the costs of production, the ISP shall provide plaintiff with a billing summary and cost reports.

5. The ISP shall preserve all subpoenaed information pending the ISP's delivery of such information to plaintiff or the final resolution of a timely filed and granted motion to quash the subpoena with respect to such information.

6. Any information disclosed to plaintiff in response to the subpoena may not be used for any improper purpose and may only be used for protecting its rights as set forth in the complaint.

7. Plaintiff's request for an order authorizing plaintiff to serve subpoenas on other ISPs is denied without prejudice.

SO ORDERED.

DATED: July 10, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE